## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND NORTHERN DIVISION

GAIL BUSS, ET AL                         *

      Plaintiffs                        *

v.                                       *        Case No.  1:10-cv-02807-JKB

NILAR U, M.D., et al.                    *

      Defendants                        *

**********************************************************************

## DEFENDANTS, NILAR U, M.D. AND CARROLL PRIMARY CARE, P.A.'S
## OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

COME NOW the Defendants, NILAR U, M.D., and CARROLL PRIMARY CARE, P.A.,

(incorrectly identified in the Complaint as Carroll Primary Care, Inc.) by and through their counsel,

Heather J. Kelly, and respectfully submit the following Opposition to Plaintiffs' Motion for

Summary Judgment.  Plaintiffs, in moving for summary judgment on "the issue of liability"

incorrectly conflate the concepts of "liability" in this complex medical malpractice action with the

separate questions of standard of care and causation.  While Plaintiff is correct that these

Defendants have not asserted a defense as to standard of care, Defendants have made quite clear –

through proper and timely filing of Certificate of Merit, Report of Qualified Expert, and Rule

26(a)(2) Expert disclosures and Reports of Expert – that they do and will dispute causation and

damages.  Because Plaintiff has failed to demonstrate in their Motion any *absence* of dispute as to

material issues of material facts concerning causation and damages, the instant Motion must be

denied.  Further, because Defendants have demonstrated that there is in fact a genuine dispute as to

the material issue of proximate cause – a fundamental element of "liability" – Plaintiff is not

entitled to summary judgment as to "liability."  For this reason, Defendants respectfully submit that

Plaintiffs' Motion must be denied.

I.    PLAINTIFFS' MEDICAL MALPRACTICE CLAIM

This is a complex medical malpractice action in which it is alleged that Nilar U, M.D. breached the standard of care in October 2007 by prescribing Macrodantin, an antibiotic medication to which Plaintiff had a reported adverse reaction in 1989, to treat a urinary tract infection.  Plaintiff alleges that she took one tablet of the antibiotic, followed by an adverse reaction.  Plaintiffs allege that the single dose of the medication proximately caused both acute (short term) and permanent medical injuries, including intermittent shortness of breath to the present.  Based on the alleged medical injuries, Plaintiffs seek damages for past medical expenses and non-economic damages derived from the alleged medical injuries they claim to have been caused by the ingestion of the single tablet of Macrodantin antibiotic medication.

Defendants timely filed a Certificate of Merit and Report of Qualified Expert executed by pulmonary critical care expert, Jay Weiner, M.D.  See *Exhibit 1*.

Defendants *did not* file any Certificate of Merit, Report of Qualified Expert, or Rule 26(a)(2) Expert Report attesting to compliance with standard of care.  Counsel for Defendants has repeatedly advised Plaintiffs' counsel that these Defendants would not be presenting expert testimony to establish standard of care, or testify to its adherence in this case, thus there is no dispute as to that element of Plaintiffs' claim.

However, Defendants dispute Plaintiffs' claim that the breach of standard of care (prescribing the antibiotic Macrodantin) was the *proximate cause of a medical injury* to Plaintiff or that the alleged caused damages as alleged.  Indeed, Defendants have properly raised their defense and generated genuine dispute to the material issue of issues of both causation of injury and damages by the timely filing of their Answer, as well a timely and complete Certificate of Merit and Report of Qualified Expert, See *Exhibit 1*, and Defendants' Rule 26 (a)(2) Expert Reports.  See *Exhibit 2*.

2

Pulmonologist, Jay Weiner, M.D. further attested by Affidavit, executed under penalty of perjury, that based upon his review of the Plaintiff's medical records, as well as his training, education, experience and familiarity with medical literature that:

> it is my opinion to a reasonable degree of medical probability that the single tablet of Macrodantin ingested by Ms. Buss did not cause chronic medical injury, including dyspnea (shortness of breath) or any other symptoms intermittently complained of in the months and years following the patient's ingestion of the Macrodantin.

See *Exhibit 4, Affidavit of Jay Weiner, M.D.*

The Affidavit of Jay Weiner, M.D., Defendants' Answer, Certificate of Merit and Report of Qualified Expert, and Rule 26(a)(2) Disclosures and Reports of Qualified Experts, Jay Weiner M.D. and Charles White, M.D. are more than sufficient evidence to demonstrate *a genuine issue of material fact* as to whether the breach of standard of care was a *proximate cause of injury to the Plaintiff* or resulted in damages.

II.     <u>ARGUMENT</u>

A.     <u>Summary Judgment Standard</u>

Under Federal Rule 56, summary judgment may *only be granted* if the movant shows that there is no genuine dispute as to *any material fact* and that the movant is *entitled to judgment as a matter of law*. See Fed.R.Civ.P. 56(a).

Federal Rule of Civil Procedure 56 presents a burden shifting framework, under which the moving party has the burden to demonstrate that "there is no genuine issue as to any material fact." *Fed. R. Civ. P. 56.* The burden only shifts to the non-movant to produce evidence demonstrating a genuine issue of material fact, if the movant first meets the initial burden of "pointing out to the district court" those portions of the record that show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).*

A Motion for Summary Judgment may be overcome where a showing is made that the materials cited by the moving party "do not establish the absence ... of a genuine dispute." See Fed. R. Civ. P. 56 (c)(1)(B).  Alternatively, the non-movant may cite to "depositions, documents ... affidavits or declarations ... or other materials" to demonstrate that a fact is genuinely disputed. See Fed. R. Civ. P. 56 (c)(1)(A).

Notably, the Supreme Court has held that "the moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case **with respect to which she has the burden of proof.**" *Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (emphasis added)*.  It is axiomatic that Plaintiff bears the burden of proof of establishing the elements not just of breach of standard of care but also that the breach was a proximate cause of each medical injury allegedly suffered.  Here, Defendants do not bear the burden of proof with respect to the issue of proximate cause.

It is well established that summary judgment *will not lie* if the non-moving party produces evidence from which a fact finder might return a verdict in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).  Further, it is clear that all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury to resolve the parties' differing versions of the truth at trial. *Id* at p. 248-249.

B.   Plaintiffs Are Not Entitled to Summary Judgment "As to Liability" Because there is a Genuine Issue of Material Fact Regarding Proximate Causation of Medical Injury

Plaintiffs Motion fails under Rule 56 (a) to establish that there is no genuine issue as to any material fact on the issue of liability, and in fact demonstrates that there *is a genuine dispute* as to causation of medical injury.  As such, their Motion must be denied by the clear language of Rule 56(a).

4

In proving a malpractice case in Maryland, the Plaintiffs alone have the burden of proving: 1) standard of care; 2) breach of standard of care; 3) causation of injury and 4) damages. *Muti v. University of Maryland Medical System*, 197 Md. App. 561, 580 14 A.3d 1179 (2011). More specifically, with regard to the issue of causation of injury, the Plaintiff must prove by preponderance of evidence that "the defendant's failure to observe the proper standard was a direct cause of the injuries about which this patient complains in the malpractice action." *Dunham v. Elder*, 18 Md. App. 360, 363, 306 A.2d 568, 570 (1973), *citing Johns Hopkins Hospital v. Genda*, 255 Md. 616, 620 (1969).

It is correct and accurate that the Defendants have not asserted a defense as to the issue of standard of care in this case.  However, standard of care is but one half of the "liability" equation, and it is patently clear that *causation*, the second component of "liability" is genuinely disputed.

Plaintiffs do not present any information whatsoever to the Court about precisely what injuries they allege were proximately caused by the ingestion of Macrodantin they alleged was prescribed by Defendants in deviation from standards of care.  The only information provided by Plaintiffs regarding causation of injury is a series of pleadings and Certificates in which Defendants' expert witnesses attest to the lack of causation of injury.

In fact, Plaintiffs' own Motion demonstrates the very dispute of material fact regarding causation of Plaintiffs' alleged injuries.  Plaintiffs fail to show "that there is no genuine dispute as to any material fact" on the question of "liability" and in fact demonstrates genuine dispute on the issue of causation of injury in their Motion:

> 1.      Plaintiff states that Defendant filed a Certificate of Merit and Report of Meritorious Defense executed by pulmonologist, Jay Weiner, M.D. "attesting ... that Dr. U's conduct was not the cause of any alleged permanent injuries claimed in this matter." *See Plaintiffs' Memorandum in Support of Motion for Summary Judgment*, p. 4.  A copy of the Certificate of Merit and Report of Qualified Expert filed by Defendants is attached to Plaintiffs' Motion.

2.      Plaintiff identified, attached Defendants' Rule 26(a)(2) Disclosures and Reports, executed by pulmonologist, Jay Wiener, M.D. and radiologist, Charles White, M.D. Dr. Weiner again attested in his Rule 26(a)(2) Report of November 28, 2011 that "there isn't any evidence that Macrodantin (the drug prescribed by Dr. U) has caused any chronic dyspnea or other symptoms in this patient."

Though Plaintiffs make the conclusory claim that they are entitled to judgment on the "issue of liability," they have failed to demonstrate a lack of genuine dispute as to causation.  While they have demonstrated that there is no dispute as to the issue of standard of care, the failure to demonstrate a lack of dispute on the issue of causation is fatal to Plaintiff's Motion as to the issue of "liability."

Curiously, Plaintiffs cite the Maryland Medical Malpractice Statute, as if to suggest that it supports their claim to entitlement to summary judgment on "the issue of liability."  Instead, the section cited makes clear that a claim *may* be adjudicated in favor of the Plaintiff *if* the defendant fails to file a certificate of qualified expert attesting to compliance with standard of care **or that the departure from standards of care is not the proximate cause of the alleged injury.**  *See Md. Code Ann. Cts & Jud'l Proc. § 3-2A-04(d)(2).*  Immediately, after citing the statute, Plaintiff correctly indicates that Defendants did in fact file a Certificate of Qualified Expert attesting that the alleged departure from standard of care – prescribing Macrodantin – was not the proximate cause of any alleged long-term or permanent injury to the patient.  The filing of the Certificate in accordance with the statutory framework precludes entry of judgment on the issue of "liability" under Rule 56(a).

The Supreme Court made it clear in *Celotex Corp. v. Catrett* that the burden only shifts to the non-movant to produce evidence demonstrating a genuine issue of material fact, if the movant first meets the initial burden of "pointing out to the district court" those portions of the record that show "that [**10]  there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).*  Though Defendants

6

are confident that the Plaintiffs have not met their burden to warrant entry of summary judgment on the global issue of "liability," Defendants as the non-moving party, may defeat a summary judgment motion through the production of evidence from which a fact finder might return a verdict in their favor under *Anderson*.

In response to Plaintiffs' claims that Ms. Buss suffered permanent pulmonary injury, including shortness of breath and pulmonary nodules, board-certified pulmonologist Jay Weiner, M.D. reviewed the case and executed a Report of Qualified Expert, and later executed a Rule 26(a)(2) Report.  See *Exhibits 1 and 2*.  Because Plaintiff opted not to take deposition of Defendants' expert medical witnesses, Defendant respectfully submits the additional Affidavit of Jay Weiner, M.D., which verifies the opinions previously disclosed to Plaintiffs, and executed under penalty of perjury.  See *Exhibit 3*.

Dr. Weiner is a qualified expert in that he a licensed medical practitioner who practices in the field of pulmonology and is familiar with the medical conditions and injuries alleged in this matter. *Id. at* ¶ 1.   Dr. Weiner is board-certified in pulmonology, and has had clinical experience and provided consultation relating to clinical practice in the field of pulmonology, within five (5) years of the date of the alleged acts or omissions giving rise to this claim. *Id. at* ¶ 2.

Dr. Weiner reviewed the Plaintiff's Complaint, and the medical records of the primary care and pulmonology physicians, and diagnostic radiology studies of Advanced Radiology and Carroll Hospital Center radiology related to the medical evaluation and care provided to Gail Buss. *Id. at* ¶ 3.  He also executed a Certificate of Merit, Report of Qualified Expert and prepared a detailed Report dated November 28, 2011, which summarized his opinions. *Id. at* ¶ 4.

He found that the medical records demonstrate that Ms. Buss received a dose of Macrodantin for urinary tract infection. *Id. at* ¶ 5. After taking one tablet of the Macrodantin, she complained of symptoms of fever and aches, and later of shortness of breath. *Id.*  She was seen in

the emergency room, where V/Q scan of the lungs and chest x-ray were negative for pulmonary embolism or other abnormalities. *Id.*

Based on Dr. Weiner's review of the medical records, it was his opinion to a reasonable degree of medical probability – considering the patient history, physical exams, and radiography – that the alleged deviation from standard of care by Nilar U, M.D. and Carroll Primary Care, which resulted in the ingestion of a single tablet of Macrodantin, <u>did not cause</u> Gail Buss any chronic or permanent injuries, symptoms, or damages as alleged in this matter. *Id. at* ¶ 6.

More specifically, as he previously disclosed in his Report of November 28, 2011, he holds the opinion to a reasonable degree of medical probability that the single tablet of Macrodantin ingested by Ms. Buss <u>did not cause</u> chronic medical injury, including dyspnea (shortness of breath) or any other symptoms intermittently complained of in the months and years following the patient's ingestion of the Macrodantin. *Id. at* ¶ 7.

Based on his experience, training, education and the medical literature, Dr. Weiner holds the opinion to a reasonable degree of medical probability that Macrodantin may cause two types of reactions: one is an acute reaction, including fever, aches, rash, eosinophilia and sometimes pulmonary infiltrates and pleural effusions. A more chronic reaction of pulmonary fibrosis can occur secondary to taking the medication chronically over a period of months to years. *Id. at* ¶ 8.

While Plaintiff's limited acute symptoms of fever and aches were more likely than not an acute reaction the one tablet of Macrodantin, it is my opinion to a reasonable degree of medical probability those symptoms quickly resolved within a day or two. *Id. at* ¶ 9. Pulmonary studies performed in the ER, including a V/Q scan and chest x-ray were negative for pulmonary injury or damage. There was no evidence of eosinophilia, pulmonary infiltrate or pulmonary effusion. *Id.*

He further concluded that more likely than not, there are other causes of Plaintiffs' intermittent complaints of shortness of breath over the course of the subsequent months and years.

*Id. at* ¶ 10. To a reasonable degree of medical probability, neither the intermittent complaints of shortness of breath, nor the small nodules identified in CT scan were related to or caused by Plaintiff's ingestion of Macrodantin. *Id.* Dr. Weiner's opinions are based upon a complete review of the medical records, and his knowledge, education, training, and familiarity with medical literature regarding the type and nature of medical injuries caused by ingestion of and reactions to Macrodantin. *Id. at* ¶ 11. These opinions are held to a reasonable degree of medical probability. *Id.*

Dr. Weiner's Affidavit, coupled with the timely Certificate of Merit, Report of Qualified Expert and Rule 26(a)(2) Disclosures and Expert Reports more than meet the non-movant Defendant's burden of production to demonstrate a genuine dispute on the causation element of the question of liability in this medical malpractice case.

Because Plaintiffs failed to point out to this Court those portions of the record that show "that there is an absence of evidence to support the nonmoving party's case" and because the Defendants have demonstrated by citation to particular parts of the record, including documents, affidavits of qualified expert witnesses and other materials that *there is in fact a genuine issue of material fact* regarding the question of causation of Plaintiff's alleged medical injuries, Plaintiffs are not entitled to summary judgment on the issue of "liability."

WHEREFORE, Defendants respectfully request that Plaintiffs' Motion be denied as to the issue of causation of medical injury.  A proposed Order is attached.

Heather J. Kelly, #12875
Kaslick, Prete & Kelly, LLC
5 West Church Street
Frederick, Maryland 21701
(301) 694-6363
Attorneys for Defendants,
Nilar U, M.D. and
Carroll Primary Care, P.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2012, a copy of the foregoing was sent electronically and by regular mail, postage pre-paid to:

Stephen J. Hughes, Esquire
Treanor, Pope & Hughes, P.A.
29 Susquehanna Avenue
Suite 110
Towson, MD 21204


Warren D. Stephens, Esquire
DeCaro, Doran, Siciliano, Gallagher
  & DeBlasis, LLP
17251 Melford Blvd., #200
Bowie, MD 20715
*Attorney for Walmart Stores*

_____
Heather J. Kelly