IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **GAIL BUSS,** | * |  |
| **Plaintiffs** | * |  |
| v. | * | **CIVIL NO. JKB-10-2807** |
| **NILAR U, M.D.,** | * |  |
| **Defendants** | * |  |

## MEMORANDUM AND ORDER

Gail Buss ("Plaintiff") and her husband, Joseph Buss (collectively, the "Busses"), have sued Nilar U, M.D., Dr. U's employer, Carroll Primary Care ("CPC"), and Wal-Mart Stores for injury allegedly caused by Plaintiff's taking a dose of medication prescribed by Dr. U and supplied by Wal-Mart's pharmacy. (Compl., ECF No. 1.) She claims she had an allergic reaction to Macrodantin, and that Dr. U should not have prescribed the medication for her because CPC's records included information on an allergic reaction she had some years prior to another medication in the same "family" as Macrodantin. (Id. ¶¶ 9-12, 14-18.) She further claims to have continued difficulty breathing because of the allergic reaction. (Id. ¶¶ 22-23.)

Pending before the Court is the Busses' motion for summary judgment on the issue of liability of Dr. U. (ECF No. 24.) Defendants have opposed the motion (ECF No. 25), and no reply has been filed. Thus, the motion is ripe for decision. No hearing is necessary. Local Rule 105.6 (D. Md. 2011.) The motion will be denied.

*I. Standard for Summary Judgment*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Rule 56(c)(4).

## II. Analysis

The Busses assert they are entitled to summary judgment on the issue of liability as against Dr. U because Dr. U has not contested that she breached the standard of care in prescribing Macrodantin to Plaintiff. (Mot. Summ. J. Supp. Mem. 2.) Although proof of a breach of standard of care is a necessary component of a medical negligence case, it alone does not establish liability. The classic elements of negligence are duty, breach, causation, and damage. In a medical negligence case, these are expressed as duty of care owed by the provider to the patient, breach of the standard of care, proximate causation, and damage. *See State v. Copes*, 927 A.2d 426, 437 (Md. Ct. Spec. App. 2007). Liability would only be established in this

case if the Busses prove no genuine dispute of material fact exists that Dr. U's breach of the standard of care was the proximate cause of Plaintiff's allegedly permanent injury. The Busses' evidence on the necessary element of causation is their expert's opinion. (Mot. Summ. J., Ex. 1.) Defendants present their expert's opinion to the contrary. (Defs.' Opp., Ex. 1, ECF No. 25.) Thus, the Court is faced with a genuine dispute of material fact that may not be properly resolved on a motion for summary judgment. The Busses' motion (ECF No. 24) is, accordingly, DENIED.

DATED this 3rd day of March, 2012.

BY THE COURT:

James K. Bredar
United States District Judge